UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| TOM FIDANOVSKI and | ) | No. 05 B 37453 |
| SVETLANA FIDANOVSKI, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| KENNICOTT BROTHERS CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05 A 2716 |
| | ) | |
| TOM FIDANOVSKI and SVETLANA | ) | |
| FIDANOVSKI, | ) | |
| | ) | |
| Defendants. | ) | Judge Goldgar |

**MEMORANDUM OPINION**

Before the court for ruling is the motion of plaintiff Kennicott Brothers Co. pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 15(a) (made applicable by Fed. R. Bankr. P. 7015), to file an amended complaint objecting to the discharge of debtors Tom and Svetlana Fidanovski. For the reasons that follow, the motion is denied.

**1. Background**

Kennicott Brothers Co. is a wholesale florist with a business location in Waukegan, Illinois, and perhaps elsewhere. In its initial complaint, Kennicott alleged that Svetlana Fidanovski owned and operated "Pana's Floral Boutique" in Libertyville, Illinois, and also operated a second store with the same name in either Third Lake or Grayslake, Illinois. On

September 1, 2005, Svetlana sold the second store to a Dimitri Mikhailov. In June 2005, a few months earlier, Tom Fidanovski sold a tavern he owned to an unidentified party.

On September 5, 2005, just four days after the sale of the Pana's Floral Boutique store, the Fidanovskis filed a joint petition for relief under Chapter 7 of the Bankruptcy Code. The first date for the section 341 meeting of creditors was October 27, 2005, and the court's docket suggests the meeting was held on that date.

Kennicott filed its adversary complaint against the Fidanovskis on December 7, 2005. In its original complaint filed on the date, Kennicott alleged that in their statement of financial affairs the Fidanovskis falsely stated they had transferred no property outside the ordinary course of business within one year of the commencement of the case. According to Kennicott, Svetlana Fidanovski also lied under oath at the section 341 meeting when she denied any sale of Pana's Floral Boutique. Kennicott asked the court to deny the Fidanovskis a discharge pursuant to sections 727(a)(2)(A) and 727(a)(4)(A) of the Code.[1] The Fidanovskis answered the complaint.

In June 2006, more than six months after the adversary proceeding began, Kennicott took the Fidanovskis' depositions. During the depositions, Kennicott says, "other bases for barring discharge were disclosed." Kennicott has therefore moved for leave to file an amended

---

[1] Although Kennicott asked for this relief, the original complaint did not explain what entitled Kennicott to bring the action in the first place. Only "the trustee, a creditor, or the United States trustee" have standing to object to a debtor's discharge. 11 U.S.C. § 727(c). Kennicott is not the trustee or United States trustee, and the complaint did not allege that Kennicott was a creditor. This may simply have been an inadvertent omission: the complaint did say that in 1997, after she started Pana's Floral Boutique, Svetlana "applied for credit with Kennicott Brothers." Given this past debtor-creditor relationship, Svetlana may still have owed Kennicott money when she filed bankruptcy. Nor have the Fidanovskis moved to dismiss the complaint for lack of standing, tending to suggest that Kennicott is indeed a creditor. Motion or not, however, standing is jurisdictional, and Kennicott will have to establish its standing as a creditor eventually if it expects to prevail on its objection to the Fidanovskis' discharge. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

complaint.

The proposed amended complaint makes two changes to the original. First, the amended complaint adds a one-sentence claim under section 727(a)(3) asserting that the Fidanovskis failed to "preserve and keep the books, check registers, bank statements and cancelled checks" for the two Pana's Floral Boutique stores. Second, the amended complaint adds further detail meant to bolster the existing section 727(a)(4)(A) claim. Whereas the original complaint listed a single example of a "false oath" on the Fidanovskis' part, the amended complaint sets forth an immense list (some 31 paragraphs, in all) of instances in which the Fidanovskis committed false oaths either in their schedules and statement of financial affairs or at the section 341 meeting.

The Fidanovskis object to Kennicott's motion on the ground that the proposed amendments are untimely. The Fidanovskis note that the deadline for filing a section 727 complaint was December 27, 2005, and they contend that the proposed amendments do not relate back to the filing of the initial complaint under Rule 15(c) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 15(c) (made applicable by Fed. R. Bankr. P. 7015).

## 2. Discussion

The Fidanovskis are right about the proposed section 727(a)(3) claim. The claim is untimely, and the request to add that claim will be denied. On the other hand, the Fidanovskis are wrong about the proposed additional detail supporting the section 727(a)(4)(A) claim. The amendment relates back to the original filing date. Under Rule 8, however, that additional detail is superfluous. The request to beef up the section 727(a)(4)(A), then, will also be denied.

Bankruptcy Rule 4004 creates a non-jurisdictional deadline for the filing of an objection to a debtor's discharge. *See generally Kontrick v. Ryan*, 540 U.S. 443 (2004). Under Rule

4004(a), a complaint objecting to discharge must be filed "no later than 60 days after the first date set for the meeting of creditors under § 341(a)." Fed. R. Bankr. P. 4004(a). The first date for the creditors meeting in the Fidanovskis' case was October 27, 2005. All complaints objecting to the Fidanovskis' discharge therefore had to be filed no later than December 27, 2005 (since December 26, the 60th day, was a legal holiday, see Fed. R. Bankr. P. 9006(a) (addressing computation of time)). Kennicott's original complaint was filed on December 7, 2005, well within the 60 days, and so was timely.

Because the Rule 4004(a) deadline passed on December 27, 2005, new complaints against the Fidanovskis under section 727 are barred. And the same goes for requests to add new section 727 claims to otherwise timely complaints – unless the new claim is subject to Rule 15(c). Rule 15(c) declares that an amendment of a pleading "relates back to the date of the original pleading" in three specified circumstances, only one of which is relevant here: when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."[2] Fed. R. Civ. P. 15(c)(2); see Disch v. Rasmussen, 417 F.3d 769, 776-77 (7th Cir. 2006).

For an amendment to relate back under Rule 15(c)(2), it must be "sufficiently linked" to the claims in the original complaint. Disch, 417 F.3d at 776. A sufficient link exists, the Seventh Circuit has said, where the amended complaint "asserts a new claim on the basis of the same core of facts." Bularz v. Prudential Ins. Co., 93 F.3d 372, 379 (7th Cir. 1996); see also

---

[2]    Rule 15(c)(1) provides that an amendment will relate back to the original filing date when "relation back is permitted by the law that provides the statute of limitations applicable to the action," Fed. R. Civ. P. 15(c)(1), not the case here, see Fed. R. Bankr. P. 4004(a). Rule 15(c)(3) addresses when an amendment that "changes the party or the naming of the party" will relate back. Fed. R. Civ. P. 15(c)(3). Kennicott's proposed amendment does not change the parties or their names.

*Newell v. Hanks*, 283 F.3d 827, 834 (7th Cir. 2002) (noting that claims in the amended complaint must be "based on same core of facts advanced in the original"). If "the factual situation upon which the action depends remains the same and has been brought to defendant's attention by the original pleading," the amendment will be timely. *Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001) (internal quotation omitted); *see also Newman v. Kruszynski (In re Kruszynski)*, 150 B.R. 209, 211 (Bankr. N.D. Ill. 1993) (stating that new count must have "the same factual basis as the original count" so that "the same evidence could be used to support both counts").

Kennicott's new section 727(a)(3) claim does not relate back to the claims in the original complaint. The original complaint alleged that the Fidanovskis sold their businesses in violation of section 727(a)(2)(A). It also alleged that the Fidanovskis lied about one of the sales in their schedules and at the creditors meeting in violation of section 727(a)(4)(A). The new claim – a claim under section 727(a)(3) that the Fidanovskis failed to keep or preserve records for the Pana's Floral Boutiques – is not factually related to either earlier claim. The quality of the Fidanovskis' record-keeping has nothing to do with the alleged fraudulent transfer of the businesses or with alleged falsehoods in the schedules and at the creditors meeting. Evidence supporting the old claims would not support the new one, and the original complaint gave the Fidanovskis no notice that Kennicott was asserting a section 727(a)(3) claim. *Cf. Employers Mut. Cas. Co. v. Lazenby (In re Lazenby)*, 253 B.R. 536, 539 (Bankr. E.D. Ark. 2000) (addressing converse situation and denying leave to add late section 727(a)(4) claim to complaint alleging section 727(a)(3) and (a)(5) claims).

Plaintiffs in discharge objection proceedings are often hard-pressed to show that a new, untimely section 727(a) claim relates back to an old, timely one. Because the different theories under section 727(a) are based on different kinds of conduct, only rarely will the old and new

claims have the requisite factual relationship. *See Lazenby,* 253 B.R. at 539 (making this observation). This is not one of the rare cases. The time for Kennicott to assert its section 727(a)(3) claim passed in December 2005, and Kennicott may not amend its complaint to assert that late claim now.

The same cannot be said, though, for the rest of Kennicott's proposed amendments. Those amendments consist of additional facts supporting the existing section 727(a)(4)(A) claim, a claim alleged in the original complaint. Since the new allegations concerns the same "core of facts" alleged in the original complaint, *Bularz,* 93 F.3d at 379, an amendment to add these facts would be timely.

Kennicott's request to amend and include these allegations will instead be denied for a different reason: the amendment is unnecessary. The proposed amendment misconceives a complaint's purpose under Rule 8. *See* Fed. R. Civ. P. 8(a) (made applicable by Fed. R. Bankr. P. 7008). That purpose is merely to give notice of the nature of the plaintiff's claim. *Davis v. Ruby Foods, Inc.,* 269 F.3d 818, 820 (7th Cir. 2001). Rule 8(a) specifically states that a complaint should provide only a "short and plain statement of the claim," no more. Fed. R. Civ. P. 8(a)(2). It is enough, then, for the complaint "to name the plaintiff and the defendant, state the nature of the grievance, and give a few tidbits (such as the date) that will let the defendant investigate." *Kolupa v. Roselle Park Dist.,* 438 F.3d 713, 714 (7th Cir. 2006).

A complaint must allege some facts, true enough. *Mannheim Auto. Fin. Servs., Inc. v. Park (In re Park),* 314 B.R. 378, 384 (Bankr. N.D. Ill. 2004) (questioning assertions in some decisions that a complaint need contain "no facts"). But it need not allege – indeed, should not allege – "all of the evidence needed to prevail at trial." *Bennett v. Schmidt,* 153 F.3d 516, 518 (7th Cir. 1998) (declaring that plaintiffs should not be "larding their complaints with facts"). A

-6-

complaint "'does not have to plead evidence,'" and a plaintiff in no way risks dismissal (let alone defeat at trial) because his complaint "'does not set forth a complete and convincing picture of the alleged wrongdoing.'" *Id.* (quoting *American Nurses' Ass'n v. Illinois*, 763 F.2d 716, 727 (7th Cir. 1986); *see also Kolupa*, 438 F.3d at 714 (stating that "[a] full narrative is unnecessary").

Instead, the Seventh Circuit has made clear, "details can wait for later stages." *Alliant Energy Corp. v. Bie*, 277 F.3d 916, 919 (7th Cir. 2002). Details will follow discovery, though they may come sooner through an early summary judgment motion or motion for a more definite statement. *Kolupa*, 438 F.3d at 714; *see also Scott v. City of Chicago*, 195 F.3d 950, 952 (7th Cir. 1999). But when they do come, there is no need for a plaintiff to amend his complaint to include them – or even any valid purpose in doing so.[3] A complaint is "just the starting point," *Bennett*, 153 F.3d at 518, and nothing is accomplished by polishing a rough but otherwise serviceable complaint to a high gloss. *See id.* (instructing district courts to "keep the case moving" rather than "lavish[ ] attention on the complaint until the plaintiff gets it just right").

In this case, Kennicott's original complaint gave perfectly adequate notice of its section 727(a)(4)(A) claim. The complaint alleged that in their statement of financial affairs the Fidanovskis knowingly and fraudulently failed to disclose the sale of Pana's Floral Boutique, and that at the creditors meeting Svetlana Fidanovski lied when she denied any sale took place. The complaint even cited section 727(a)(4), although it did not have to. *See Johnson v. Wattenbarger*, 361 F.3d 991, 994 (7th Cir. 2004) (noting that a plaintiff need not "plead either

---

[3]    One conceivable purpose might be to obtain binding judicial admissions from the defendant through his answer, assuming the answer admits any allegations. *See Kohler v. Leslie Hindman, Inc.*, 80 F.3d 1181, 1185 (7th Cir. 1996) (noting that a party's "admission in its pleadings" is "a judicial admission that can determine the outcome"). But that purpose can also be achieved through discovery: admissions in response to a request to admit under Rule 36 are judicial admissions as well. *See id.* Pleadings are not discovery devices.

facts or law"). With the filing of the complaint, the gun sounded, and the parties could take discovery – the Fidanovski to learn what other facts Kennicott had supporting the claim, Kennicott to see if there might indeed be other facts to support it. Having unearthed other facts, however, Kennicott does not have to allege them in its complaint as the price of proving them at trial. Adding 31 more paragraphs of "false oaths" to the complaint, as Kennecott wants to do, serves no purpose. A complaint is not "a statement of the party's *proof.*" *Bennett,* 153 F.3d at 519 (emphasis in original).

Although leave to amend a complaint "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), leave may be denied on the ground of "futility." *Foman v. Davis,* 371 U.S. 178, 182 (1962). Typically, an amendment is futile because it fails to save (or seeks to add) a deficient claim. *See* 6 Charles A. Wright, Arthur A. Miller, & Mary Kay Kane, *Federal Practice & Procedure* § 1487 at 637-46 (1990). An amendment may also be futile, though, if it proposes to add needless allegations to an already sufficient claim. "Fat in a complaint can be ignored," *Bennett,* 153 F.3d at 518, and complaints generally should not be dismissed because they contain it, *see Davis,* 269 F.3d at 821. But Rule 15(a) does not entitle plaintiffs to amend complaints to *add* fat, requiring defendants in turn to amend their answers in response, all of it a thoroughly pointless exercise that wastes time and costs money.

Because the proposed amended complaint here would add a new but untimely section 727(a)(3) complaint that does not relate back to the original filing date, as well as new but unnecessary allegations to the existing section 727(a)(4)(A) claim, Kennicott's motion to amend its complaint will be denied.

### 3. Conclusion

The motion of plaintiff Kennicott Brothers Co. for leave to file an amended adversary complaint is denied. A separate order will be entered in accordance with this opinion.

Dated: August 4, 2006

_____
A. Benjamin Goldgar
United States Bankruptcy Judge